IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

QUINTON ROATH,                          )
                                        )
        Plaintiff,                      )
                                        )       NO. 3:17-cv-0995
v.                                      )       JUDGE RICHARDSON
                                        )
DAVID RAUSCH, ANDREA CLARK,             )
JACK MORGAN,                            )
                                        )
        Defendants.                     )

## MEMORANDUM OPINION

Pending before the Court is Defendant Rausch's Motion to Dismiss for Lack of Subject

Matter Jurisdiction (Doc. No. 182, "Motion"). Plaintiff has filed a Response (Doc. No. 202), and

Defendant Rausch has filed a Reply (Doc. No. 206).

## BACKGROUND

This case was filed on June 29, 2017. (Doc. No. 1). Plaintiff sued, among others,[1] William

Lee, in his official capacity as Tennessee Governor; Jeff Long, in his official capacity as Tennessee

Commissioner of Safety and Homeland Security; and David Rausch, in his official capacity as

Director of the Tennessee Bureau of Investigation (collectively, the "State Defendants").[2]

Plaintiff's claims arise generally from his challenge to the requirement that he register in the

Tennessee Sexual Offender Registry ("TSOR") based upon a conviction in this Court for

---

[1] Plaintiff also sued certain employees of the City of Franklin, the City of Franklin, certain
employees of the Metropolitan Government of Nashville and Davidson County ("Metro"), and
Metro. The claims against those Defendants are not at issue in this Motion.

[2] These State Defendants were each substituted for the former officials in their respective positions
after a change in those elected or appointed to those positions. (Doc. No. 180 at 6, nn.1-3).

obstructing enforcement under 15 U.C.S. § 1591(d). Plaintiff contends that he should not be required to register in the TSOR. (Doc. No. 67).

As the Court previously noted in this case, the claims in Plaintiff's Second Amended Complaint included federal constitutional claims and, "within some of these constitutional claims, Plaintiff separately seeks a declaratory judgment that he should not, as a matter of interpretation of state law, fall under the purview of the TSOR." (Doc. No. 181 at 11, n. 5).

On July 12, 2019, this Court issued on Order (Doc. Nos. 181) on six, then-pending, motions to dismiss. Therein, among other things, the Court dismissed all federal claims against all State Defendants *except* to the extent that the claims against Defendant Rausch arose from "Count II to the extent it is based on the theory delineated in Paragraph 140 of the SAC [Second Amended Complaint], Count III to the extent it is based on the theory delineated in Paragraph 148 of the SAC, and Count VII based on the theory delineated in Paragraph 167." [3] (Doc. No. 181 at 2). The remaining claims against Defendant Rausch are declaratory judgment claims that involve the question of whether Plaintiff is required to register under the TSOR, a matter of interpretation of state law, but they are federal claims in that they allege that Defendant Rausch's interpretation of state law violates Plaintiff's federal due process rights. *See* Doc. No. 97 and Doc. No. 180 at 51-53).

As the Court noted in its earlier opinion, Defendant Rausch did not address the due process allegations as they related to the theories set forth in these three paragraphs (140, 148 and 167).

---

[3] Paragraph 140 asks the Court to determine whether Plaintiff is required to register as a sex offender under Tennessee law. Paragraph 148 asks the Court to determine whether Tennessee's employment restriction for registered sex offenders applies to Plaintiff. Paragraph 167 asks the Court to determine that the TBI may not enter Plaintiff's personal information into its central database because Plaintiff is not an "offender" as defined under Tennessee law. *See* Second Amended Complaint (Doc. No. 67).

(Doc. No. 180 at 51-53). In other words, Defendant Rausch did not show the Court how the theories in those paragraphs would not support federal due process claims, so the Court specifically did not dismiss the claims. (*Id*.) The claims set forth in those paragraphs, therefore, remain pending against Defendant Rausch and those claims are *federal* claims; they allege that by wrongfully interpreting state law, Defendant Rausch violated Plaintiff's federal due process rights. (Doc. No. 97, ¶¶ 140, 148 and 167), so Defendant Rausch's assertion that no federal claims remain against him is false.

## ANALYSIS

Defendant Rausch argues that the remaining claims against him are state-law claims, brought against him in his official capacity as the Director of the TBI, and are therefore claims against the State of Tennessee, which are barred by the Eleventh Amendment and must be dismissed. Alternatively, Defendant Rausch argues that this Court should decline to exercise supplemental jurisdiction over these purported state-law claims. These arguments are based on a false premised, however, because as noted above, the remaining claims are *federal* claims.

### A. Eleventh Amendment

A suit against a state official in his or her official capacity is not a suit against the official; rather, it is a suit against the official's office and, as such, is no different from a suit against the state itself. *PHI Air Med., LLC v. Tennessee Dep't of Labor & Workforce Dev., Bureau of Workers' Comp.*, No. 3:18-cv-0347, 2018 WL 6727111, at *7 (M.D. Tenn. Dec. 21, 2018) (citing *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003)). Thus, Plaintiff's suit against Defendant Rausch in his official capacity is a suit against the State of Tennessee.

The sovereign immunity guaranteed by the Eleventh Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its

immunity or Congress abrogates that sovereign immunity. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015); *Durham v. Martin*, 388 F. Supp. 3d 919, 935 (M.D. Tenn. 2019). There is no argument here that Tennessee has waived its sovereign immunity in this case or that Congress has abrogated that immunity. There is, however, as Plaintiff contends, an exception to sovereign immunity.

The Supreme Court found an exception to Eleventh Amendment sovereign immunity in *Ex Parte Young*[4] for claims for prospective injunctive relief against individual state officials in their official capacities. *Phi-Air Med.*, 2018 WL 6727111, at *7 (citing *Diaz v. Michigan Dep't of Corrections*, 703 F.3d 956, 964 (6th Cir. 2013)). As Plaintiff suggests, in order to fall within the *Ex Parte Young* exception, a claim must seek prospective relief to end a continuing violation of federal law. *Id.* The exception set forth in *Ex Parte Young* allows plaintiffs to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations. *Harris v. Tennessee*, No. 3:19-cv-00174, 2020 WL 107101, at *4 (M.D. Tenn. Jan. 9, 2020). "The test for determining whether the *Ex Parte Young* exception applies is a 'straightforward' one." *Id.* (quoting *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 474 (6th Cir. 2008)). The court considers whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. *Id.*

As noted above, the remaining claims against Defendant Rausch allege ongoing violations of federal law, and Plaintiff asks the Court to determine that Defendant Rausch's interpretation of state law violated Plaintiff's federal due process rights. Plaintiff seeks a declaratory judgment as to this alleged ongoing violation of *federal* law and seeks prospective relief. The claims against

---

[4] *Ex Parte Young*, 209 U.S. 123 (1908).

Defendant Rausch are challenges to the (federal) constitutionality of Defendant Rausch's actions. For these reasons, the Eleventh Amendment does not bar Plaintiff's remaining claims against Defendant Rausch because the *Ex Parte Young* exception applies. Defendant's Motion to Dismiss on this basis will be denied.

If Defendant Rausch had attempted to convince the Court that Plaintiff cannot bootstrap the alleged improper interpretation of state law in this case into a federal constitutional violation, he conceivably could have (not to say would have) convinced the Court of this and thus obtained dismissal under Rule 12(b)(6) of the claims that survived the prior motion to dismiss. But Defendant Rausch never attempted to do so, either in the first motion to dismiss or thereafter. That means that the surviving claims (Counts II, III and VII to the extent delineated above) do indeed still survive. And they are, without any question, federal claims.

## SUPPLEMENTAL JURISDICTION

Alternatively, Defendant Rausch asks the Court to decline, in its discretion, to exercise supplemental jurisdiction over Plaintiff's claims against him. Rausch argues that the Court has neither original nor diversity jurisdiction over him. But, as indicated above, the Court retains federal question jurisdiction over Defendant Rausch to the extent of the remaining claims against him. Therefore, Defendant's Motion to Dismiss on this basis will also be denied.

## CONCLUSION

For these reasons, Defendant Rausch's Motion to Dismiss (Doc. No. 182) will be denied. An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE