IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| QUINTON ROATH, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DAVID RAUSCH, )<br>    Defendant. ) | Case No. 3:17-cv-00995<br>Judge Richardson/Frensley |

**ORDER**

**I. INTRODUCTION**

In this lawsuit, Plaintiff Quinton Roath challenges aspects of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act (Tenn. Code Ann. §§ 40-39-201 *et seq.* (2004)). Docket No. 97 (Second Amended Complaint). Mr. Rausch brought suit against various individuals, including Tennessee Bureau of Investigation ("TBI") Director Mark Gwyn, who at the time the lawsuit commenced was responsible for overseeing the Tennessee Sex Offender Registry. *Id.* Since the filing of the Second Amended Complaint, Defendant David Rausch has become the TBI director and was substituted for Mr. Gwyn. Docket No. 153.

This matter is now before the Court upon Mr. Roath's Motion for Leave to Amend Complaint. Docket No. 238. Mr. Rausch has filed a Response in Opposition. Docket No. 243. For the reasons set forth below, Mr. Roath's Motion (Docket No. 238) is GRANTED.

**II. LAW AND ANALYSIS**

    A.    **Motions to Amend Under Rules 15 and 16**

There are two potential standards to consider when determining whether to grant a motion to amend. Rule 16 requires the judge to issue a scheduling order and provides that "[a] schedule

may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The purpose of this requirement is "to ensure that at some point both the parties and the pleadings will be fixed." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003), *quoting* Fed. R. Civ. P. 16, 1983 advisory committee's notes (internal quotation marks omitted). In contrast, Rule 15 contains a liberal standard instructing that "courts should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision of which standard to apply depends on the timing of the motion. "Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909.

Only if the plaintiff establishes "good cause" does the court proceed to the more permissive Rule 15(a)(2) analysis. *Id.* Rule 15 provides, in relevant part:

> **(a) Amendments Before Trial.**
>
> **(1)** *Amending as a matter of course.* A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . .
>
> **(2)** *Other amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Mr. Roath cannot amend as a matter of course under Fed. R. Civ. P 15(a)(1)(A), because more than 21 days have passed since he served his Second Amended Complaint on January 8, 2018. Docket No. 97. Mr. Rausch opposes his Motion, so his only recourse is to amend with leave of court pursuant to Fed. R. Civ. P. (a)(2).

2

Under Rule 15, while leave to amend should be "freely given when justice so requires," leave to amend should be denied when "it would result in undue delay or prejudice to the opposing party . . . or where the amendment is futile." *See Foman v. Davis*, 371 U.S. 178 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43 (6th Cir. 1995). "Thus, leave should be given unless there is a showing of undue delay, bad faith or dilatory motive on the part of the moving party, undue prejudice to the non-moving party, or futility of the proposed amendment." *Dyer v. Wiregrass Hospice, L.L.C.*, 532 F. Supp. 2d 933, 935 (M.D. Tenn. 2008), *citing Foman*, 371 U.S. at 182.

B.  **Mr. Roath's Motion for Leave to Amend**

This case has a lengthy procedural history that includes an interlocutory appeal to the Sixth Circuit Court of Appeals and subsequent remand back to this Court. *See* Docket Nos. 185, 186, 193, 228. Mr. Roath states that he seeks to amend his Complaint to address some of the issues raised on appeal. Docket No. 238, p. 1. He proposes several other changes and asserts that the proposed Third Amended Complaint:

1. Removes all defendants with whom claims were settled during the appeal process;

2. Removes all defendants against whom claims are no longer ripe, for example, because [Mr. Roath] no longer lives in that jurisdiction;

3. Deletes several counts that this Court has previously, in similar cases, dismissed so as to not have to cover that area anew and concentrates the claims on those deemed to be the most viable;

4. Makes clear that the claims are brought under 42 U.S.C. § 1983 consistent with the Sixth Circuit's ruling on the matter (see, D.E. 228) even though that opinion explicitly held that citation to § 1983 is not necessary in a pleading;

5. Removes factual allegations involving improper legislative delegation to the Attorney General that was resolved by the U.S. Supreme Court in *Gundy v. United States*, 139 S.Ct. 2116 (2019);

6. Significantly simplifie[s] the factual allegations section by

3

> removing alleged facts that were not necessary to a short and plain statement of the claims against [Mr. Rausch].

*Id.* at 1-2.

Currently, there is no operative Scheduling Order. Rule 16 is therefore not implicated, and Mr. Roath's Motion will be evaluated under Rule 15. As discussed above, this more liberal standard provides that a motion seeking leave to amend should be granted unless there is a showing of undue delay, bad faith or dilatory motive on the part of the moving party, undue prejudice to the non-moving party, or futility of the proposed amendment. *Dyer*, 532 F. Supp. 2d at 935. Mr. Roath argues that:

> [A]llowing this amendment is in the interest of justice as it continues efforts to challenge a very draconian set of laws that inflict incredible damages on a large swath of the population, including [Mr. Roath], who is still forced to comply with provisions that are *ex post facto* as applied to him and which are not required under the *federal law* that required him to register in the first place.

Docket No. 238, p. 2.

Mr. Rausch does not argue that the proposed amendment would be futile or that it is brought in bad faith. *See* Docket No. 243. Rather, Mr. Rausch contends that Mr. Roath unduly delayed bringing his Motion and that Mr. Rausch would be unduly prejudiced if the proposed amendment was allowed. *Id.* at 5. Further, asserting that the above list of factors is "not an exhaustive list," Mr. Rausch asserts that the Motion should be denied due to Mr. Roath's "ill-conceived tactical vacillation on whether to rely on § 1983" as a basis for his claims. *Id.* at 4-5.

### 1. Undue Delay

Mr. Rausch contends that Mr. Roath "was aware that the Court deemed his refusal to rely on § 1983 a point of concern as early as March 28, 2019, when the Court specifically ordered the State Defendants to respond to [Mr. Roath's] position that § 1983 was unnecessary." *Id.* at 5.

4

Failing that, Mr. Rausch asserts that Mr. Roath "certainly knew of the issue by July 12, 2019, when the Court dismissed [his] claims with prejudice for failure to rely on § 1983." *Id.* at 5-6. Mr. Rausch argues that "instead of moving to amend, [Mr. Roath] sought appellate review," and did not seek leave to amend "until five months after that decision . . . ." *Id.* at 6. Mr. Roath does not address the issue of undue delay. *See* Docket No. 238.

Even if Mr. Roath was aware at an earlier time that the Court found his lack of reliance on § 1983 concerning, the Court finds that he could have reasonably decided to wait until his appellate decision was handed down and that such delay was not undue. Whether an additional five months' delay from that time changes the calculus is a closer call; unfortunately, Mr. Roath does not provide the Court with any information as to why the Motion was not filed sooner. Nevertheless, on the evidence before it, the Court is not persuaded that a five-month delay in a case that has been pending since 2017 is undue.

### 2. Undue Prejudice

Mr. Rausch contends that the prejudice that would result from the proposed amendments "is obvious" because he has "been forced to defend against this lawsuit for over four years" and has expended "a significant investment of time, analysis, and labor." Docket No. 243, p. 7-8. Mr. Rausch argues that "[t]o permit [Mr. Roath] to amend his complaint for a third time under a different legal theory—which [Mr. Roath] previously abandoned—would nullify much of that labor and result in obvious prejudice." *Id.* at 8 (internal quotation marks omitted).

Mr. Roath asserts that because there is "no trial date set in this case and no discovery has been initiated . . . allowing this amendment will not adversely affect the rights of the sole remaining defendant." Docket No. 238, p. 2. He also contends that "[n]ot allowing this amendment and forcing [Mr. Roath] to refile could potentially have the case assigned to a different judge who is

5

not as familiar with the Sex Offender Registry as this Court already is." *Id.* While Mr. Roath casts this argument as one about judicial economy, it also impacts the potential for undue prejudice to Mr. Rausch. A brand-new lawsuit bringing the proposed claims against Mr. Rausch would certainly "nullify much of that labor" that Mr. Rausch has expended over the years.[1] Beyond Mr. Rausch's (understandable) fatigue resulting from dealing with a multi-year lawsuit, the Court does not find that allowing the proposed amendments would result in undue prejudice, obvious or otherwise.

### 3. Ill-Conceived Tactical Vacillation

As mentioned above, Mr. Rausch contends that there may be other justifications for denying a motion for leave to amend aside from those specifically named in the controlling case law. Docket No. 243, p. 4. Specifically, Mr. Rausch argues that Mr. Roath's "ill-conceived tactical vacillation" regarding whether or not to rely on § 1983 as the basis for his claims is "not a basis for leave to amend." *Id.* at 6-7. Citing a case from the Eastern District of Tennessee, Mr. Rausch asserts that "a plaintiff should not be allowed to amend due to a mere change of mind." *Id.* at 7, *quoting Patton v. Hamilton Cty., Tennessee*, No. 1:04-cv-231, 2006 WL 8442917 at *2 (E.D. Tenn. July 13, 2006) (internal quotation marks omitted). Yet, this case is distinct from *Patton*, where the plaintiff brought claims against the local sheriff, voluntarily dismissed him as a defendant, and then later sought to bring the sheriff back into the case by reasserting the same claims. *Patton*, 2006 WL 8442917 at *2. Among other things, the *Patton* Court found that the proposed amendment would cause undue prejudice to the sheriff because "the addition of Sheriff Cupp as a

---

[1] Mr. Rausch argues that "any attempt to bring these claims under § 1983 in a new lawsuit would be barred by res judicata." Docket No. 243, p. 5, n.2. As that question is not now properly before the Court, it will not be decided here. In such a scenario, Mr. Rausch would of course be free to raise res judicata and any other defense that he could assert in good faith.

defendant at this point in the litigation would deprive him of eight months' worth of preparation time and leave less than two months for the completion of all discovery that must be taken on his behalf." *Id.* Here, Mr. Roath does not seek to bring Mr. Rausch back into a suit from which he was previously dismissed, and Mr. Rausch has not missed out on any preparation time. Further, as there is no operative scheduling order, there will be no disruption to the (nonexistent) schedule.

### III. CONCLUSION

For the foregoing reasons, Mr. Roath's Motion (Docket No. 238) is **GRANTED**. The Clerk is directed to enter Docket No. 238-1 as the Third Amended Complaint.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**